GREGORY SOBOLSKI, Bar No. 267428
greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

RICHARD FRENKEL, Bar No. 204133
rick.frenkel@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

GABRIEL BELL (*pro hac vice* pending)
gabriel.bell@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Plaintiff Duolingo, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUOLINGO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MODERN FONT APPLICATIONS LLC,<br><br>    Defendant. | Case No. 5:21-cv-6132<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Duolingo, Inc. ("Duolingo") pleads the following claims for Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,886,421 ("'421 patent"), U.S. Patent No. 8,522,127 ("'127 patent"), and U.S. Patent No. 9,892,093 ("'093 patent") (collectively, the "Asserted Patents" (attached as Exhibits A – C)) against Defendant Modern Font Applications LLC ("MFA"), and alleges as follows:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

## NATURE OF THE ACTION

1. This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Duolingo seeks a declaratory judgment that it has not infringed, induced others to infringe, or contributed to the infringement by others of the Asserted Patents, literally or under the Doctrine of Equivalents, and such other relief as the Court deems just and proper.

## THE PARTIES

3. Duolingo is a Delaware corporation with a principal place of business located in Pittsburgh, Pennsylvania.

4. On information and belief, MFA is a Utah limited liability corporation with a principal place of business located at 299 S. Main Street, Suite 1300, Salt Lake City, Utah 84111.

5. On information and belief, MFA is an exclusive licensee of the Asserted Patents and owns all substantial rights in them. On information and belief, patent enforcement and licensing comprise substantially all of MFA's revenue and activities.

6. On information and belief, the Asserted Patents are owned by Clantech, Inc., which does not have any right to enforce or license the Asserted Patents.

## BACKGROUND

7. On or around June 18, 2021, MFA sent Duolingo the certified letter attached as Exhibit D (the "threat letter"). The threat letter alleges, *inter alia*, that it provides "formal notice that Duolingo, Inc. 'you' are infringing" the Asserted Patents. (Ex. D at 3.) MFA's threat letter was signed by Andrew Oliver, who, on information and belief and as detailed below, is based in this District.

8. MFA's threat letter identified Duolingo's "Language Lessons application for iOS devices (including version 6.114.0 released April 26, 2021)," "Learn Languages Free application for Android devices (including the version released April 27, 2021)," and Duolingo's "website at the domain name duolingo.com (including the home page as available on June 13, 2021)" (collectively, the "Duolingo Accused Applications"). (Ex. D at 3.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

9. The threat letter alleges that the Duolingo Accused Applications infringe "at least claim 1, 6, and 11" of the '421 patent, "at least claims 1 and 26" of the '127 patent, and "claims 1, 10, and 18" of the '093 patent." (Ex. D at 3-4.)

10. The threat letter alleges that "MFA prefers to resolve such infringement through licensing so that both you and MFA can avoid the expense and inconvenience of a patent infringement lawsuit." (Ex. D at 4.)

11. The threat letter alleges that "[h]owever, where necessary, MFA has brought patent infringement lawsuits against several companies in various industries," and proceeds to identify various lawsuits. (Ex. D at 4.)

12. The threat letter alleges that "infringement damages have been accruing since at least June 2018." (Ex. D at 4.)

## JURISDICTIONAL STATEMENT

13. The Court has subject matter jurisdiction over Duolingo's declaratory judgment claims relating to patent non-infringement under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14. Duolingo incorporates paragraphs 4-12. MFA's threat of patent infringement litigation creates an actual and justiciable controversy and threat of litigation regarding non-infringement between the parties.

15. The Court has personal jurisdiction over MFA based at least on its sufficient minimum contacts within California, including in this District.

16. The threat letter sent to Duolingo was signed by Mr. Andrew Oliver, who, on information and belief, acts as MFA's in-house counsel and directs MFA's patent assertion operations.

17. On information and belief, Mr. Oliver is an attorney admitted to practice law in California. (Exhibit E.)

18. On information and belief, Mr. Oliver has a law office in San Jose, California. (Ex. E.) Mr. Oliver's law firm website indicates that he is based in "Silicon Valley."[1]

---

[1] https://thepatentattorneys.com/clev/staff-detail.php?pid=20&listing=1 (accessed August 10, 2021)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

19. On information and belief, Mr. Oliver directs, organizes, and/or operates MFA's patent infringement and licensing activities, including at least by: (i) preparing and transmitting the Duolingo threat letter described above and (ii) preparing and transmitting a threat letter to Coinbase, Inc. ("Coinbase") as described below.

20. On information and belief, on or around June 18, 2021, MFA sent a threat letter regarding the Asserted Patents signed by Mr. Oliver to Coinbase, a corporation with physical offices in this District in San Francisco, CA and Redwood City, CA. Coinbase has filed a Complaint for Declaratory Judgment of Non-Infringement in this District regarding the Asserted Patents against MFA. (Exhibit F.)

21. In addition, on information and belief, Mr. Oliver is directing and/or has directed the patent infringement claims asserted against other various California-based defendants such as El Pollo Loco, Inc. (*Modern Font Applications LLC v. El Pollo Loco, Inc.*, No. 8:19-cv-01699 (C.D. Cal.)), The Habit Restaurants, LLC, BJ's Restaurants, Inc., and Dine Brand Global, Inc. (*Modern Font Applications LLC v. The Habit Restaurants, Inc.*, No. 8:19-cv-01690 (C.D. Cal.)).

22. On information and belief, Mr. Oliver has repeatedly sent communications, including threat letters, into California on behalf of MFA.

23. On information and belief, MFA has obtained revenue in and from California and this District, based at least on licensing the Asserted Patents.

24. Based on the above, MFA has the requisite minimum contacts with California and this District for the Court to exercise personal jurisdiction consistent with the California long-arm statute (Cal. Code Civ. Proc. § 410.10) and federal Constitutional notions of fair play and substantial justice.

**VENUE**

25. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts giving rise to Duolingo's claims occurred in this District and because MFA is subject to personal jurisdiction in this District.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

**INTRADISTRICT ASSIGNMENT**

26. Under Civil Local Rule 3-2(c), this patent action may be assigned throughout the District.

27. On information and belief, MFA's counsel, Mr. Oliver, is based in the San Jose division.

**COUNT I**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,886,421**

28. Duolingo restates each of the allegations in paragraphs 1-27.

29. A copy of the '421 patent is attached as Exhibit A.

30. Duolingo has not infringed and does not infringe any claim of the '421 patent, directly or indirectly, literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

31. The Duolingo Accused Applications do not infringe, directly or indirectly, claim 1 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

   a. "the font package separate from the computer executable instructions for identifying the plurality of display characters for display;" and/or

   b. "an exposure module for installation of the one or more external font files in a temporary fonts directory on the hand-held device;" and/or

   c. "wherein in response to the one or more external font files being installed, a system font table of the hand-held device is updated to reflect an availability of the external font files."

32. The Duolingo Accused Applications do not infringe, directly or indirectly, claim 6 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

   a. "a font package separate from the application file of the network document and referenced by the computer executable instructions of the network document, the font package comprising computer readable formatting information for the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

operating system of the hand-held device to render the at least one display character using the font and for other applications controlled by the operating system of the hand-held device to render the at least one display character using the font;" and/or

b. "installing the computer readable formatting information of the font package in a temporary fonts directory on the hand-held device so as to enable a program module of the operating system of the hand-held device to render the at least one display character using the font, wherein when the at least one display character is displayed, the at least one display character is displayed using the computer readable formatting information installed in the temporary fonts directory" and/or

c. "updating a system font table of the hand-held device to reflect an availability of the font."

33. The Duolingo Accused Applications do not infringe, directly or indirectly, claim 11 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

a. "cause the exposure module to install at least a portion of the font package to a temporary fonts directory of the hand-held device so that a program module of the hand-held device can render the at least one display character using the font;" and/or

b. "cause a system font table of the hand-held device to be updated to reflect an availability of the font."

34. Duolingo has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '421 patent.

35. There is an actual and justiciable controversy between Duolingo and MFA concerning non-infringement of the '421 patent.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

36. Duolingo should obtain a declaratory judgment that the Duolingo Accused Applications do not directly or indirectly infringe the '421 patent, either literally or under the Doctrine of Equivalents.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,522,127

37. Duolingo restates each of the allegations in paragraphs 1-27.

38. A copy of the '127 patent is attached as Exhibit B.

39. Duolingo has not infringed and does not infringe any claim of the '421 patent, directly or indirectly, literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

40. The Duolingo Accused Applications do not infringe, directly or indirectly, claim 1 of the '127 patent because, at a minimum, they do not practice the following claim limitations:

    a. "an exposure module comprising instructions for retrieval and installation of the exposure module on the second browsing computer from the first computer and for installation or exposure of the font package to the second browsing computer from the first computer responsive to the first computer receiving a request for the font package from the second browsing computer so that the second browsing computer can render the display character using the identified font, whereby when the display character is displayed, the display character is displayed using the exact same font."

41. The Duolingo Accused Applications do not infringe, directly or indirectly, claim 26 of the '127 patent because, at a minimum, they do not practice the following claim limitations:

    a. "a reference to a font package separate from the network document, the font package comprising computer readable formatting information … necessary for other applications controlled by the operating system of the computer to also render the display character using the identified font, whereby when the display character is displayed in the network document or by the other applications, the display character is displayed using the exact same original font information;" and/or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

    b. "the computer providing an adaptation module for translation of function calls and returns in order to provide communication capabilities with other applications running on the operating system."

42. Duolingo has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '127 patent.

43. There is an actual and justiciable controversy between Duolingo and MFA concerning non-infringement of the '127 patent.

44. Duolingo should obtain a declaratory judgment that the Duolingo Accused Applications do not directly or indirectly infringe the '127 patent, either literally or under the Doctrine of Equivalents.

## COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,892,093

45. Duolingo restates each of the allegations in paragraphs 1-27.

46. A copy of the '093 patent is attached as Exhibit C.

47. Duolingo has not infringed and does not infringe any claim of the '093 patent directly or indirectly, either literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

48. The Duolingo Accused Applications do not infringe, directly or indirectly, claims 1, 10, and 18 of the '093 patent because, at a minimum, they do not practice the following claim limitations:

    a. "update[] a system font table of the operating system to include information about the font file."

49. Duolingo has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '093 patent.

50. There is an actual and justiciable controversy between Duolingo and MFA concerning non-infringement of the '093 patent.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

51. Duolingo should obtain a declaratory judgment that the Duolingo Accused Applications do not directly or indirectly infringe the '093 patent, either literally or under the Doctrine of Equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Duolingo respectfully prays for judgment in favor of Duolingo and against MFA, as follows:

1. For a judicial determination and declaration that Duolingo has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '421 patent;

2. For a judicial determination and declaration that Duolingo has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '127 patent;

3. For a judicial determination and declaration that Duolingo has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '093 patent;

4. For injunctive relief against MFA from instituting any action against Duolingo asserting infringement of the Asserted Patents, or for representing that Duolingo's products or services, or use of them by others, infringes the Asserted Patents.

5. For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

6. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Duolingo respectfully demands a jury trial in this action on all issues so triable.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132

Dated: August 10, 2021

LATHAM & WATKINS, LLP

By: */s/ Gregory Sobolski*
GREGORY SOBOLSKI, Bar No. 267428
greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391.0600
Facsimile: (415) 395.8095

RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone:   (650) 328-4600
Facsimile:   (650) 463-2600

GABRIEL BELL (*pro hac vice* pending)
gabriel.bell@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Plaintiff Duolingo, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:21-cv-6132