John E. Lord (Bar No. 216111)
jlord@onellp.com
ONE LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:    (949)502-2870
Facsimile:     (949) 258-5081

Perry S. Clegg (admitted *pro hac vice*)
JOHNSON & MARTIN, P.A.
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
Tel.: (801) 783-3200
Fax: (954) 206-0013
Email:  pclegg@johnsonmartinlaw.com

Attorneys for Defendant
Modern Font Applications LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUOLINGO, INC., <br><br> Plaintiff, <br><br> v. <br><br> MODERN FONT APPLICATIONS LLC, <br><br> Defendant. | Case No. 5:21-cv-6132-LHK <br><br> **DEFENDANT'S** <br> **RULE 79-5(f) STATEMENT** |

1  Defendant Modern Font Applications LLC ("Defendant" or "MFA") makes this statement
2  pursuant to Civil L.R. 79-5(f)(3) in support of maintaining the seal on ECF Nos. 50 and 50-2 to 50-20.
3  This statement is supported by the Declaration and Proposed Order submitted herewith.
4  MFA respectfully requests that the Court maintain the sealed status of all of the documents.
5  Initially, MFA notes that, while the documents sought to be sealed include highly confidential
6  and sensitive business information, including third party confidential information, Plaintiff's filing of
7  the entirety of many of these documents is abusive of the sealing process of this Court, as for almost all
8  of the exhibits that are contracts, the points argued in ECF No. 50 by Plaintiff could have been
9  accomplished by submitting only redacted signature pages rather than the entirety of each document.
10 There is no need to put the entire document into the record where a single page will suffice.  Moreover,
11 even the filing of this collection of documents by Plaintiff is designed to reveal to others information
12 about the scope and operations of Defendant's business by attempting to force defendant into making
13 specific statements about the type and content of each document that will reveal information that itself
14 comprises trade secrets and confidential business information subject to protection.  For example, even
15 Plaintiff's description of the documents in Plaintiff's Declaration violates the protective order by
16 revealing information from pages marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES
17 ONLY", i.e., by revealing the markings on those pages from which third parties can gather information
18 about the subject matter of each of the documents.  (Defendant hopes that the Court will strike
19 Plaintiff's Declaration and order Plaintiff to refile the Declaration without including the confidential
20 information and with only those limited pages that are directly relevant to Plaintiff's arguments.)
21 For these reasons, and to avoid the trap that Plaintiff attempts to set, Defendant refers herein
22 to the various types of documents in a manner that demonstrates the confidential and sealable nature of
23 each, without alerting the public to the quantity of each type of document that is included in the filing.
24 First and significantly, because all of the documents that are submitted are "'not related, or only
25 tangentially related, to the merits of a case' [the documents] are **not** subject to the strong presumption
26 of access." *Vishkin v. Pintuitive, Inc.*, No. 21-CV-01432-LHK, 2021 U.S. Dist. LEXIS 237896, at *3
27 (N.D. Cal. Dec. 13, 2021)(emphasis added).  At present, the only claims at issue in this case are
28 Duolingo's claims for declaratory judgment of non-infringement.  None of the documents for which

sealing is sought contain any information that can be used by Duolingo to prove non-infringement or by Defendant to prove infringement.  Rather, the sealed documents relate to business agreements and confidential and sensitive business analyses and processes not involving the merits of the case. Decl. ¶¶4-24.  This is confirmed by the fact that Duolingo relies on these documents to attempt to establish the procedural/due process issues regarding personal jurisdiction, not to establish the merits of its claim that Duolingo allegedly does not infringe Defendant's patents.

Because, these documents are not related to or are only tangentially related to the merits, "Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure."  Vishkin, 2021 U.S. Dist. LEXIS 237896, at *3.  But, as demonstrated below, even if the documents were subject to the higher standard, they should still properly be sealed.  For example,

> [A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." The Ninth Circuit has adopted the definition of "trade secrets" [] in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." "Generally [a trade secret] relates to the production of goods ... . It may, however, relate to the sale of goods or to other operations in the business ... ."  Furthermore, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."

*Id.* at *3-4 (internal citations omitted).

As noted below, each of the business contracts contains "business information that might harm [either Defendant's or a third party's] competitive standing" if revealed to the public. *Id.* at *3-*4.  And, as noted below, each of the exhibits containing analysis contains trade secrets in the form of "compilation[s] of information which [are] used in [Defendant's] business, and which gives [Defendant] an opportunity to obtain an advantage over competitors who do not know or use it" as well as "business information that might harm [Defendant's] competitive standing." *Id.*  Thus, all the information in these documents is subject to protection.

The documents generally fall into two categories: (1) confidential business contracts and (2) other documents indicating trade secret information regarding Defendant's business processes.

**Business Contracts:** Without referencing specific exhibit letters to avoid the harm from

3
Defendant's Rule 79-5(f) Statement - Case No. 5:21-cv-6132-LHK

Plaintiff improperly revealing confidential information in violation of the standard protective order, Defendant notes that each of the documents that includes the word "Confidential … Agreement" on the first line immediately below the confidentiality designation on each page of the document falls into the category of "business contracts" (collectively the "Agreements").  These Agreements are with third parties unrelated to this case and include sensitive confidential information of the third parties.

Each Agreement contains a confidentiality clause.  Decl. ¶5. Some of these Agreements contain a confidentiality clause where the parties to the agreement contractually agree that even the fact of the "existence" of the agreement must be kept confidential, in section 10.2 of the Agreement (or section 10.1 in one Agreement), but even where the existence is not confidential, the parties contractually agreed that the "terms" are confidential. *Id.*  Unsealing the Agreements will reveal (a) the overall subject matter of the contracts, which is confidential to the parties (*Id.* ¶6), (b) the confidential identities of the parties and the definitions that reveal information about business relationships and the confidential scope of the businesses and the agreements, in the preamble and Section 1 (*Id.* ¶7), and (c) the scope of all confidential rights granted under the agreements, in Sections 2 and 3. *Id.* ¶8.  In some of the Agreements, unsealing the Agreements will reveal confidential terms related to resolution of litigation, in Section 4. *Id.* ¶9.  Unsealing the Agreements will reveal the confidential monetary terms of the agreements, in Section 5.  *Id.* ¶10.  "As the Ninth Circuit held in In re Electronic Arts, "pricing terms, royalty rates, and guaranteed minimum payment terms" plainly fall within the definition of "trade secrets" for purposes of sealing motions."  Apple, Inc. v. Samsung Elecs. Co., No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 113132, at *40 (N.D. Cal. Aug. 9, 2012).  Unsealing the Agreements will reveal (a) other confidential business terms, such as tax agreements, in Section 5 (Decl. ¶10), (b) the confidential term (i.e., length) of the agreements, in Section 6 (*Id.* ¶11), (c) the confidential assignment provisions, in Section 7 (*Id.* ¶12), (d) confidential information about how notice is provided, including the party names that the parties to the Agreement contracted to maintain as confidential, in Section 8. (*Id.* ¶13), (e) the confidential representations and rights bargained for in Section 9 (*Id.* ¶14), and (f) the identity of the third parties and their signatories which is also confidential business information, on the final page of each agreement. *Id.* ¶15.  Unsealing Exhibits D and E will reveal further confidential information in the portions of these Agreements called "Exhibits" that identify further confidential

third parties and further confidential terms of the types set forth above. *Id.* ¶16.

The above-listed information is deemed, by the relevant case law, to be sealable because it is "business information that might harm [either Defendant's or a third party's] competitive standing." Defendant frequently engages in contract negotiation, and revealing the information in the Agreements will give other parties an unfair advantage in negotiations by revealing terms that Defendant may have used with another party based on unique circumstances. Further, unsealing the Agreements may harm the third parties by revealing to others the financial and other terms to which those third parties may agree in future negotiations. Such information can be used against the third parties by others who would obtain the information if it is unsealed. "In addition, these pages will not aid the public's understanding of the process." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013).

Third party rights are implicated because these agreements are contractually designated "Highly Confidential – Attorneys' Eyes Only" subject to section 10.2.4 (or in one case 10.2.3 and one other case 10.1.3) in each of the agreements. Thus, the contracting party in each agreement should also be considered a "Designating Party" pursuant to Civil L.R. 79-5(f)(2), which would require Plaintiff to serve the motion (ECF No. 51) on each of those parties on the same day that the motion is filed, so that they can provide their further reasons for maintaining the seal under Civil L.R. 79-5(f)(3). However, Plaintiff does not indicate that it notified any of those parties.

**Other Agreements:** Without referencing specific exhibit letters to avoid the harm from Plaintiff improperly revealing confidential information in violation of the standard protective order, Defendant notes that each of the documents that does not have a caption page for this case and that **does not** have the words "Confidential … Agreement" on the first line immediately below the confidentiality designation on each page falls into this category (collectively the "Other Agreements").

The parties to each of the Other Agreements has agreed to keep the Other Agreements confidential. Decl. ¶18. Unsealing the Other Agreements will reveal the confidential financial terms of the agreements, in Sections 3 and 9. *Id.* ¶19.

The information listed in the preceding paragraph is information that the relevant case law deems to be sealable because it is "business information that might harm [either Defendant's or the third party to the contract's] competitive standing."

5
Defendant's Rule 79-5(f) Statement - Case No. 5:21-cv-6132-LHK

1  **Exhibits Containing Analysis:** Without referencing specific exhibit letters to avoid the harm
2  from Plaintiff improperly revealing confidential information in violation of the standard protective
3  order, Defendant notes that each of the documents that has a caption page for this case as its first page
4  falls into this category (collectively the "Analysis Documents").

5  Each of the Analysis Documents contains detailed descriptions of the internal process that
6  Defendant uses to evaluate software. Decl. ¶22.   These processes were developed internally and
7  confidentially by Defendant. *Id.*  Defendant invested significant time in efforts to develop a process by
8  which infringement can be determined quickly and efficiently using the process. *Id.* Defendant
9  maintains the process as confidential. *Id.*  The Analysis Documents also contain indications of persons
10 working for Defendant's organization who are aware of the results of the investigation of Duolingo's
11 products. *Id* ¶23.  Defendant does not publicize which persons working for Defendant are privy to
12 various information. *Id.*  Defendant keeps information segmented between persons working for
13 Defendant to maintain confidentiality.  *Id.*  Defendant considers both the processes and the identities of
14 persons who know particular information to be trade secrets. *Id.*

15 Unsealing the Analysis Documents will competitively harm Defendant by revealing its
16 confidential trade secret and business process information.  "In addition, these pages will not aid the
17 public's understanding of the process."  *Apple Inc. v. Samsung*, 727 F.3d 1214, 1228 (Fed. Cir. 2013).

18 **The Brief:**  The sealed portions of the brief filed as ECF No. 50 recite portions of the
19 confidential information recited above.  Pages 1, 2, and 3 recite information derived from the highly
20 confidential portions of the Business Contracts / Agreements.  Pages 2 and 3 recite information
21 derived from the highly confidential portions of the Analysis Documents.

22 **Stay:**  If the Court denies sealing any portion of the materials discussed above, Defendant
23 requests that the Court issue a brief stay so that Defendant can consider filing a motion for a stay
24 pending appeal.  *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 U.S. Dist.
25 LEXIS 107039, at *40-41 (N.D. Cal. July 29, 2013) ("This Court has previously held that, once
26 information is publicly filed, 'what once may have been trade secret no longer will be. Thus the parties
27 may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of
28 relevant information in order to understand the proceedings, is not unduly harmed by a short stay.'").

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  December 21, 2021 | |
| | By:   /s/ Perry S. Clegg   |
| | PERRY S. CLEGG |
| | |
| | John E. Lord (Bar No. 216111) |
| | jlord@onellp.com |
| | ONE LLP |
| | 4000 MacArthur Boulevard |
| | East Tower, Suite 500 |
| | Newport Beach, CA 92660 |
| | Telephone:      (949)502-2870 |
| | Facsimile:       (949) 258-5081 |
| | |
| | Perry S. Clegg (admitted *pro hac vice*) |
| | JOHNSON & MARTIN, P.A. |
| | 50 W. Broadway, Suite 900 |
| | Salt Lake City, UT 84101 |
| | Tel.: (801) 783-3200 |
| | Fax: (954) 206-0013 |
| | Email:  pclegg@johnsonmartinlaw.com |
| | |
| | Attorney for Defendant |
| | Modern Font Applications LLC |