UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUOLINGO, INC., <br><br>    Plaintiff, <br><br>v. <br><br>MODERN FONT APPLICATIONS LLC, <br><br>    Defendant. | Case No. 21-cv-06132-VC <br><br>**ORDER GRANTING JURISDICTIONAL DISCOVERY, GRANTING MOTION TO SEAL, AND DENYING MOTION TO STRIKE** <br><br>Re: Dkt. No. 24, 51 |

      Duolingo has made a colorable showing that the Court has personal jurisdiction over Modern Font Applications based on the two lawsuits MFA initiated in the Central District of California, the origination of the demand letter from this district (even if it was ostensibly mailed from Utah), and the lawyer who conducts what appears to be a significant amount of MFA's patent enforcement work from California. That said, "a more satisfactory showing of the facts is necessary" before the Court is comfortable making that ruling. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). The parties may undertake three months of jurisdictional discovery to further investigate the potential contacts mentioned in Duolingo's opposition. Of special interest to the Court are any licensing agreements between MFA and California companies. Duolingo might also consider investigating MFA's contacts with the Northern District specifically, as those contacts are relevant to both the jurisdictional and venue issues. In addition, the Court is curious whether it would be relevant if the allegedly infringing conduct is taking place in California (and in the Northern District).

The motion to dismiss is denied without prejudice to filing a renewed motion within 14 days of the close of the jurisdictional discovery period.[1]

**IT IS SO ORDERED.**

Dated: March 23, 2022

VINCE CHHABRIA
United States District Judge

---

[1] The motion to seal is granted. While the license agreements are sealed in their entirety, the Court and the parties may generically reference the fact that MFA entered into license agreements with California companies or agreements that permitted companies to practice the invention in California (without identifying the companies). Facts along those lines should not be kept under seal.

MFA's motion to strike Duolingo's declaration and require Duolingo to refile it with fewer pages attached as exhibits is denied. The declaration generically describes the documents using the Bates number MFA provided and therefore does not reveal confidential information. Attaching the entire document gives the Court the necessary context to determine what the documents are and how they are relevant to show that Oliver was conducting patent-enforcement activities on MFA's behalf in California. Including only the signature pages would not be useful for that purpose.