John E. Lord (Bar No. 216111)
jlord@onellp.com
ONE LLP
23 Corporate Plaza Drive
Suite 150-105
Newport Beach, CA 92660
Telephone:      (949)502-2870
Facsimile:      (949) 258-5081

Perry S. Clegg (admitted *pro hac vice*)
JOHNSON & MARTIN, P.A.
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
Tel.: (801) 783-3200
Fax: (954) 206-0013
Email:  pclegg@johnsonmartinlaw.com

Attorneys for Defendant
Modern Font Applications LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUOLINGO, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>MODERN FONT APPLICATIONS LLC,<br><br>                    Defendant. | Case No. 3:21-cv-6132-VC<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1    Defendant Modern Font Applications LLC ("MFA" or "Defendant"), for its answer to the

2    Amended Complaint for Declaratory Judgment of Plaintiff Duolingo, Inc. ("Plaintiff" or "Duolingo")

3    as set forth in ECF No. 17, filed on October 1, 2021, states as follows:

4                                        **Preamble**

5    Defendant admits that Plaintiff makes claims, but denies the substance of such claims as set

6    forth below.

7                                  **Nature of the Action**

8    1.    Admitted that in paragraph 1, Plaintiff seeks a declaration; denied that Plaintiff is

9    entitled to such declaration.

10   2.    Defendant admits that in paragraph 2 Plaintiff purports to seek a declaratory judgment

11   that it has not infringed, induced others to infringe, or contributed to the infringement by others of the

12   Asserted Patents, literally or under the Doctrine of Equivalents, but denies that Plaintiff states a claim

13   or presents an action upon which relief can be granted and denies that Plaintiff is entitled to any relief.

14                                     **The Parties**

15   3.    Defendant is without knowledge or information sufficient to form a belief as to the

16   truth or falsity of the allegations set forth in paragraph 3 and, on that basis, denies same.

17   4.    MFA admits that it has a principal place of business at 299 S. Main Street, Suite 1300,

18   Salt Lake City, Utah, but affirmatively alleges that it is a Utah limited liability company, not a

19   corporation.  Accordingly, MFA denies the remaining allegations set forth in paragraph 4.

20   5.    Admitted that MFA is the exclusive licensee of the identified patents.  Denied as to the

21   remaining allegations of paragraph 5.

22   6.    Admitted as to the ownership allegation in paragraph 6.  Admitted that MFA holds all

23   substantial rights in the identified patents.  On information and belief, to the extent understood, denied

24   as to all other allegations or implications in paragraph 6.

25                                     **Background**

26   7.    Admitted that the letter at pages 4-11 of Exhibit D (the "Letter") was sent by MFA to

27   Duolingo in June 2021.  Admitted that the Letter was signed by Andrew Oliver.  Admitted that Andrew

28

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

Oliver resides in this judicial district.  Admitted that the Letter is formal notice of Plaintiff's infringement and that the quoted language appears in the letter.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 7 are denied.

8.      Admitted that the quoted language appeared in the Letter.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 8 are denied.

9.      Admitted that the letter gives notice that Duolingo infringes the identified claims of the identified patents.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 9 are denied.

10.      Admitted that the quoted language appeared in the Letter.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 10 are denied.

11.      Admitted that the quoted language appeared in the Letter and that the Letter identifies multiple lawsuits.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 11 are denied.

**12.**      Admitted that the quoted language appeared in the Letter.  Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 12 are denied.

## Jurisdictional Statement

13.      To the extent that Paragraph 13 states conclusions of law, no response is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction.

14.      Denied that Defendant made a "threat of patent infringement litigation."  The remaining allegations of paragraph 14 are conclusions of law that Defendant is not required to address in an answer. Except as specifically admitted, all remaining allegations of paragraph 14 are denied.

15.      In response to the allegations set forth in paragraph 15, Defendant does not contest specific personal jurisdiction (for purposes of this action only), but otherwise denies the factual allegations set forth in paragraph 15. Based upon the Court's ruling in ECF No. 70 that "Duolingo has made a colorable showing that the Court has personal jurisdiction over Modern Font Applications based on the two lawsuits MFA initiated in the Central District of California, the origination of the

3

demand letter from this district (even if it was ostensibly mailed from Utah), and the lawyer who conducts what appears to be a significant amount of MFA's patent enforcement work from California" and the Federal Circuit's intervening ruling in Apple Inc. v. Zipit Wireless, Inc., No. 2021-1760 (Fed. Cir. April 18, 2022), Defendant does not contest (for purposes of this action only) the specific personal jurisdiction of this Court over Defendant as to Plaintiff's claims as alleged in the Amended Complaint.

16.     As to paragraph 16, Defendant incorporates its responses to paragraphs 4-15 by reference.

17.     Admitted that the Letter was signed by Mr. Andrew Oliver.  Denied that the Letter was a "threat letter." Except as specifically admitted, all remaining allegations of paragraph 17 are denied.

18.     Admitted that Mr. Oliver resides in California in this judicial district. Except as specifically admitted, all remaining allegations of paragraph 18 are denied.

19.     Admitted that Mr. Oliver is a lawyer and is admitted to practice law in the state of California.  Admitted that Mr. Oliver holds a part-time in-house counsel role with Defendant. Admitted that Mr. Oliver has performed work for Defendant including while Mr. Oliver was located in San Jose, California.  Except as specifically admitted, all remaining allegations of paragraph 19 are denied.

20.     Admitted that Mr. Oliver directs Defendant's patent licensing activities.  Except as specifically admitted, all remaining allegations of paragraph 20 are denied.

21.     Admitted that Mr. Oliver directs Defendant's patent licensing activities.  Admitted that Mr. Oliver prepared the Letter.  Admitted that the Letter was transmitted from Utah to Duolingo. Denied that the Letter was a "threat letter."  Except as specifically admitted, all remaining allegations of paragraph 21 are denied.

22.     Admitted that Defendant sent a notice letter to Coinbase, Inc. regarding the identified patents and that the notice letter was signed by Mr. Oliver.  Admitted that Coinbase, Inc. filed a complaint purporting to state claims for declaratory judgment of non-infringement and the Coinbase, Inc.'s complaint was filed in this district.  Denied that the notice letter was a "threat letter."  Defendant

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 22 and, on that basis, denies same.

23.     Admitted that Mr. Oliver assisted with litigating and resolving the claims asserted in the lawsuits and against the companies identified in paragraph 23.  Except as specifically admitted, all remaining allegations of paragraph 23 are denied.

24.     Admitted that Defendant sent one notice letter signed by Mr. Oliver from Utah to a company with an address in the Central District of California.  Denied that the letter was a "threat letter."  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 24 and, on that basis, denies same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 and, on that basis, denies same.

26.     To the extent that Paragraph 26 states conclusions of law, no response is required. To the extent a response is required, Defendant does not contest specific personal jurisdiction (for purposes of this action only), but otherwise denies the factual allegations set forth in paragraph 26. Based upon the Court's ruling in ECF No. 70 that "Duolingo has made a colorable showing that the Court has personal jurisdiction over Modern Font Applications based on the two lawsuits MFA initiated in the Central District of California, the origination of the demand letter from this district (even if it was ostensibly mailed from Utah), and the lawyer who conducts what appears to be a significant amount of MFA's patent enforcement work from California" and the Federal Circuit's intervening ruling in Apple Inc. v. Zipit Wireless, Inc., No. 2021-1760 (Fed. Cir. April 18, 2022), Defendant does not contest (for purposes of this action only) the specific personal jurisdiction of this Court over Defendant as to Plaintiff's claims as alleged in the Amended Complaint.

## Venue

27.     To the extent that Paragraph 27 states conclusions of law, no response is required. To the extent a response is required, Defendant does not contest (for purposes of this action only) venue under 28 U.S.C. § 1391, but otherwise denies the factual allegations set forth in paragraph 27, including

5

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

that a substantial part of the acts giving rise to Duolingo's claims occurred in this district.  Based upon the Court's ruling in ECF No. 70 that "Duolingo has made a colorable showing that the Court has personal jurisdiction over Modern Font Applications based on the two lawsuits MFA initiated in the Central District of California, the origination of the demand letter from this district (even if it was ostensibly mailed from Utah), and the lawyer who conducts what appears to be a significant amount of MFA's patent enforcement work from California" and the Federal Circuit's intervening ruling in Apple Inc. v. Zipit Wireless, Inc., No. 2021-1760 (Fed. Cir. April 18, 2022), Defendant does not contest (for purposes of this action only) venue under 28 U.S.C. § 1391.

## **Intradistrict Assignment**

28.     To the extent that Paragraph 28 states conclusions of law, no response is required. To the extent a response is required, Defendant does not the Court's authority to assign this action throughout this judicial district.

29.     Admitted that Mr. Oliver resides in this district.  MFA is without basis to understand the vague nature of the remaining allegations of paragraph 29, including the meaning ascribed to the word "based" by Plaintiff, and on that basis denies the remaining allegations of paragraph 29.

## **COUNT 1**

(U.S. Patent No. 9,886,421)

30.     Defendant incorporates it response to paragraphs 1-27 herein by reference.

31.     Admitted that Exhibit A appears to be a copy of the identified patent.  Except as specifically admitted, all remaining allegations of paragraph 31 are denied.

32.     Denied.  Duolingo infringes at least one claim of the identified patent.

33.     Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical. Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications." On that basis, denied as to the specifically identified mobile application products. Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter. Upon that basis Defendant is without knowledge as to the other products and on that basis denies any remaining allegations of paragraph 33. Except as specifically admitted, all remaining allegations of this paragraph are denied.

34. Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical. Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications." On that basis, denied as to the specifically identified mobile application products. Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter. Upon that basis Defendant is without knowledge as to the other products and on that basis denies any remaining allegations of paragraph 34. Except as specifically admitted, all remaining allegations of this paragraph are denied.

35. Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical. Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications." On that basis, denied as to the specifically identified mobile application products. Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter. Upon that basis Defendant is without knowledge as to the other products and on

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

that basis denies any remaining allegations of paragraph 35.  Except as specifically admitted, all remaining allegations of this paragraph are denied.

36.    On information and belief, denied.

37.    Admitted.

38.    To the extent that Paragraph 38 states conclusions of law, no response is required. To the extent a response is required, Defendant denies the factual allegations of paragraph 38.

## **COUNT 2**

### (U.S. Patent No. 8,522,127)

39.    Defendant incorporates it response to paragraphs 1-27 herein by reference.

40.    Admitted that Exhibit B appears to be a copy of the identified patent.  Except as specifically admitted, all remaining allegations of paragraph 40 are denied.

41.    Denied.  Duolingo infringes at least one claim of the identified patent.

42.    Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical. Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications."  On that basis, denied as to the specifically identified website products.  Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter. Upon that basis Defendant is without knowledge as to the other products and on that basis denies any remaining allegations of paragraph 42.  Except as specifically admitted, all remaining allegations of this paragraph are denied.

43.    Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical.

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications."  On that basis, denied as to the specifically identified website products.  Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter. Upon that basis Defendant is without knowledge as to the other products and on that basis denies any remaining allegations of paragraph 43.  Except as specifically admitted, all remaining allegations of this paragraph are denied.

44.     On information and belief, denied.

45.     Admitted.

46.     To the extent that Paragraph 46 states conclusions of law, no response is required. To the extent a response is required, Defendant denies the factual allegations of paragraph 46.

**COUNT 3**

(U.S. Patent No. 9,892,093)

47.     Defendant incorporates it response to paragraphs 1-27 herein by reference.

48.     Admitted that Exhibit C appears to be a copy of the identified patent.  Except as specifically admitted, all remaining allegations of paragraph 48 are denied.

49.     Denied.  Duolingo infringes at least one claim of the identified patent.

50.     Defendant notes that acts of infringement are acts undertaken by entities, not Applications, and include "making", "using", "selling," "offering", "importing" and other acts, yet this paragraph makes allegations only as to "Duolingo Accused Applications" which are nonsensical. Defendant construes this paragraph as intending to assert that Plaintiff does not infringe through one of the acts of infringement performed by Plaintiff with respect to what Plaintiff has termed the "Duolingo Accused Applications."  On that basis, denied as to the specifically identified website products.  Defendant is unable to discern whether Duolingo seeks a declaration as to products that are not specifically identified as being involved in acts of infringement of the identified patent in the Letter.

Upon that basis Defendant is without knowledge as to the other products and on that basis denies any remaining allegations of paragraph 50.  Except as specifically admitted, all remaining allegations of this paragraph are denied.

51.     On information and belief, denied.

52.     Admitted.

53.     To the extent that Paragraph 53 states conclusions of law, no response is required. To the extent a response is required, Defendant denies the factual allegations of paragraph 53.

54.     All allegations set forth in the Amended Complaint not expressly admitted herein are hereby denied.

## **DEFENDANT'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief from Defendant or any relief alleged in its Prayer for Relief.  Defendant also denies all allegations in paragraphs 1-6 of Plaintiff's Prayer for Relief.

## **DEFENSES**

Without admitting the allegations set forth in the Amended Complaint, Defendant alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the defenses described below and subject to its responses above, Defendant specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery:

## **FIRST DEFENSE**

(Failure to State a Claim)

55.     The Claims fail to state any claim upon which relief can be granted, including, but not limited to, because the Claims fail to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Modern Font Applications LLC respectfully prays that each and every one of Plaintiff's alleged claims be denied and that Defendant be awarded its reasonable attorney fees and costs in defending against the claims and that such other awards as are just be made in Defendant's favor.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6, Modern Font Applications LLC demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  April 27, 2022

By:   /s/ Perry S. Clegg
      PERRY S. CLEGG

John E. Lord (Bar No. 216111)
jlord@onellp.com
ONE LLP
23 Corporate Plaza Drive
Suite 150-105
Newport Beach, CA 92660
Telephone:    (949)502-2870
Facsimile:     (949) 258-5081

Perry S. Clegg (admitted *pro hac vice*)
JOHNSON & MARTIN, P.A.
50 W. Broadway, Suite 900
Salt Lake City, UT 84101
Tel.: (801) 783-3200
Fax: (954) 206-0013
Email:  pclegg@johnsonmartinlaw.com

Attorney for Defendant
Modern Font Applications LLC

ANSWER TO AMENDED COMPLAINT
Case No. 3:21-cv-6132-VC